UNITED STATES COURT OF APPEALS

**Filed 9/27/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JACOBO VALDEZ-HERRERA,

      Defendant - Appellant.

No. 95-2261
(D.C. No. CR-95-22-03-LH)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Defendant Jacobo Valdez-Herrera appeals from his conviction of possesion with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Mr. Valdez-Herrera challenges his conviction on two grounds: (1) insufficiency of evidence, and (2) denial of the Sixth Amendment right of confrontation due to the admission at his trial of a codefendant's inculpatory statement. We exercise jurisdiction under 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1291 and affirm.

A defendant challenging the sufficiency of evidence upon which his conviction is predicated must show that the evidence, when viewed in the light most favorable to the government, together with all the reasonable inferences drawn therefrom, is such that no reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Dirden, 38 F.3d 1131, 1142 (10th Cir.1994).

Several government agents identified Mr. Valdez-Herrera as the person they saw, along with numerous other men, in a remote area near the border with Mexico. The men were silently retrieving from a culvert large burlap bundles known by the agents to contain marijuana, loading them onto a truck and concealing them with a tarp before quickly driving away. Viewing this evidence in the light most favorable to the government and considering all reasonable inferences therefrom, we hold that a reasonable jury could find Mr. Valdez-Herrera guilty as charged. See United States v. Thurmond, 7 F.3d 947, 950 (10th Cir. 1993), cert. denied, 114 S.Ct. 1311 (1994). The fact that the evidence could be consistent with Mr. Valdez-Herrera's claim of innocence does not alter that conclusion. See United States v. Johnson, 57 F.3d 968, 972 (10th Cir. 1995).

Mr. Valdez-Herrera also contends that the admission of a codefendant's inculpatory statement deprived him of a fair trial, contrary to his Sixth Amendment right of confrontation. See Bruton v. United States, 391 U.S. 123 (1969). Contrary to the

situation in <u>Bruton</u>, however, the codefendant's statement in this case inculpated only the codefendant and did nothing to incriminate Mr. Valdez-Herrera. We also note that Mr. Valdez-Herrera failed to request a limiting instruction. <u>See</u> Aplt. Br. 14.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge